IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr116

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| TRAVIS RASHONE GILL | ) | |
| | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's Motion to Dismiss the Bill of Indictment. (Doc. No. 14).

According to the motion, the defendant was indicted in 1999 and 2000 for several armed robbery charges in state court. (Doc. No. 14: Motion at ¶ 3). The defendant was allowed to plead guilty to amended charges of accessory after the fact to armed robbery. Those convictions were alleged as disqualifying felonies in the instant indictment charging the defendant with possessing a handgun on February 11, 2006 (Doc. 1: Indictment), to which the defendant pled guilty on August 9, 2006 (Doc. No. 9: Plea Agreement; Doc. No. 10: Acceptance and Entry of Guilty Plea). After the defendant's guilty plea in federal court, the state convictions were vacated on June 27, 2007, on his motion claiming the state court lacked jurisdiction to accept his accessory after the fact pleas because those charges were not lesser included offenses of the indicted armed robbery charges. (Doc. No. 14: Motion at ¶¶ 3-6).

The defendant argues before this Court, without reference to any legal authority, that the indictment should be dismissed because he was "incorrectly declared as a person prohibited from possessing a firearm because he was not rightfully a convicted felon." (Doc. No. 14: Motion at ¶ 7). The defendant's argument was rejected by the Fourth Circuit in United States v. Kahoe, 134

F.3d 1230 (1998). Following the Supreme Court's decision in Lewis v. United States, 445 U.S. 55 (1980), the court held that a person may be convicted of violating 18 U.S.C. § 922(g) even when his predicate felony is set aside after his possession of a firearm.[1] This reasoning reflects an appreciation for the congressional purpose of prohibiting those in categories of presumptively dangerous persons from possessing firearms, irrespective of the validity or constitutionality of their prior convictions. Id. at 1232. Here, the danger posed to society by the defendant's admitted conduct is not diminished by the defect in the charging instrument of his disqualifying offenses. Because he was a prohibited person on the day he possessed the handgun, the Court properly accepted his guilty plea to violating § 922(g).

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, and to the United States Probation Office.

Signed: July 6, 2007

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1]Other circuits concur. See United States v. Leuschen, 395 F.3d 155 (3d Cir. 2005), United States v. Padilla, 387 F.3d 1087 (9th Cir. 2004), United States v. Snyder, 235 F.3d 42 (1st Cir. 2000), United States v. Morgan, 216 F.3d 557 (6th Cir. 2000), United States v. Lee, 72 F.3d 55 (7th Cir. 1995), United States v. Chambers, 922 F.2d 228 (5th Cir. 1991).